UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT NEXTEL CORPORATION, et al.,<br><br>Defendants.<br><br>AND RELATED ACTIONS | Case Nos. 13-04513, 13-04201, 13-04202, 13-04203, 13-04204, 13-04205, 13-04206, 13-04207, 13-03587<br><br>**ORDER DENYING MOTION TO VACATE JUDGMENT**<br><br>Re: Dkt. No. 239 |

Before the court is plaintiff Evolutionary Intelligence, LLC's ("EI") motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

EI filed nine separate patent infringement actions, including this one, on October 17, 2012. On July 28, 2014, Judge Whyte related eight of those cases to Evolutionary Intelligence, LLC v. Sprint Nextel Corporation et al., No. 5:13-cv-4513. Dkt. No. 159.[1]

On October 6, 2015, Judge Whyte dismissed and entered judgment in all nine of plaintiff's patent infringement actions, holding that the two patents-in-suit were invalid under 35 U.S.C. § 101: "[T]he court finds that both patents fail to claim patent-eligible

---

[1] ECF citations are to the docket in Evolutionary Intelligence, LLC v. Sprint Nextel Corp. et al., Case No. 13-4513.

1    subject matter, and GRANTS defendants' motion to dismiss and for judgment [of
2    invalidity] on the pleadings." Dkt. No. 225 at 9; see Dkt. No. 226.[2]

EI's subsequent appeal to the Federal Circuit argued that the determination of patentable subject matter under § 101 depended on factual issues that should not have been decided on the pleadings. On February 17, 2017, the Federal Circuit affirmed Judge Whyte's order in all respects. Dkt. No. 234 (Evolutionary Intelligence LLC v. Sprint Nextel Corp., 677 F. App'x 679, 680-81 (Fed. Cir. 2017) ("EI")). EI subsequently petitioned for rehearing en banc and for certiorari to the Supreme Court, but to no avail. See Evolutionary Intelligence LLC v. Sprint Nextel Corp., 138 S. Ct. 521 (Dec. 4, 2017) (denying petition for certiorari).

On December 29, 2018, EI filed a motion to vacate judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). Dkt. No. 239.[3] EI premises its motion on a purported intervening change in § 101 law caused by the Federal Circuit's February 2018 decisions in Berkheimer v. HP Inc., 881 F.3d 1360 (Fed. Cir. 2018) and Aatrix Software, Inc. v. Green Shades Software, Inc., 882 F.3d 1121 (Fed. Cir. 2018) (together with Berkheimer, "Berkheimer-Aatrix"). EI contends that by way of those decisions the Federal Circuit adopted, as controlling precedent, the position for which EI pressed throughout its case—namely, that § 101 determinations involve questions of fact. According to EI, that purported change of law (and the other supposed extraordinary circumstances of EI's case) warrants vacating judgment pursuant to Rule 60(b)(6).

**DISCUSSION**

**A.    Legal Standard**

Rule 60(b) provides for relief from judgment for the following reasons: (1) mistake,

---

[2] Some of the defendants in the related actions moved to dismiss under Federal Rule of Civil Procedure 12(b) and others moved under 12(c).

[3] On the same day, EI filed a motion to consolidate the nine related actions for the sole purpose of resolving EI's motion for relief from judgment. In a concurrently filed order, this court denied that motion, reassigned the related actions to the undersigned, and determined that this court's order on the present motion would apply to all related cases.

1  inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with
2  reasonable diligence, could not have been discovered in time to move for a new trial
3  under Rule 59(b); (3) fraud by the adverse party; (4) the judgment is void; (5) the
4  judgment has been satisfied; or (6) any other reason justifying relief.  See Fed. R. Civ. P.
5  60(b).  The Ninth Circuit has "cautioned against the use of provisions of Rule 60(b) to
6  circumvent the strong public interest in [the] timeliness and finality of judgments."  Phelps
7  v. Alameida, 569 F.3d 1120, 1135 (9th Cir. 2009) (internal quotation marks omitted;
8  addition in original).  With respect to Rule 60(b)(6), the Supreme Court "require[s] a
9  movant . . . to show 'extraordinary circumstances' justifying the reopening of a final
10 judgment."  Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

The Federal Circuit has explained that "[g]enerally, in reviewing rulings under Rule 60(b), we defer to the law of the regional circuit in which the district court sits because such rulings commonly involve procedural matters that are not unique to patent law."  Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp., 12 F.3d 1080, 1082 (Fed. Cir. 1993).  That deference, however, is not warranted when a "district court's Rule 60(b) ruling turns on substantive matters that are unique to patent law."  Id. at 1083.  Accordingly, this court applies Ninth Circuit law to procedural questions and Federal Circuit law to substantive matters unique to patent law, if any such questions arise.

**B.     Analysis**

As noted above, plaintiff's Rule 60(b)(6) motion is predicated on a purported intervening change of law.  True, in certain circumstances, an intervening change of law, coupled with additional case-specific facts, can constitute "extraordinary circumstances" and warrant relief under that subsection.  See Phelps, 569 F.3d at 1134-40 (analyzing six factors courts might consider when faced with an intervening change of law in habeas-related cases).[4]  Under that theory, however, Rule 60(b)(6) relief is not warranted unless

---

[4] Because the court finds that no change of law has occurred, it does not reach the issue of whether Phelps applies beyond the scope of habeas-related actions.  See Phelps, 569 F.3d at 1135, 1135 n.19 (the court "express[es] no opinion on the[ ] [factors] applicability

3

1    the movant makes the predicate showing that a relevant change in law has actually
2    occurred.[5]  The court finds that no such change has occurred and, accordingly, DENIES
3    plaintiff's motion.
4        First, plaintiff fails to explain why this court should give more credence to the
5    three-judge panels in Berkheimer and Aatrix than the three-judge panel that considered
6    and affirmed Judge Whyte's order dismissing this action.  Even assuming that
7    Berkheimer-Aatrix espoused a legal principle contrary to that which was applied by the EI
8    panel—an assumption that this court does not endorse—plaintiff has provided no basis
9    for this court to ignore the Federal Circuit's controlling decision issued in this action in
10   favor of Berkheimer-Aatrix.  All three appeals were decided by similarly positioned three-
11   judge panels.  And neither Berkheimer nor Aatrix mentions EI, much less claims to
12   undermine the EI panel's conclusion.  Indeed, two of the three judges on both the Aatrix
13   and Berkheimer panels had, just one year earlier, issued the EI decision affirming
14   judgment in this very action.  Aatrix, 882 F.3d at 1123 (Moore, J., Reyna, J., Taranto, J.);
15   Berkheimer, 881 F.3d at 1362 (Moore, J.; Taranto, J.; Stoll, J.); EI, 677 F. App'x at 679
16   (Lourie, J., Moore, J., Taranto, J.).  Plaintiff has offered no reason to think that those
17   judges have now (silently and within one year) turned from their prior decision.
18       Relatedly, and second, the panel decisions in Berkheimer and Aatrix could not
19   have overruled the Federal Circuit's prior § 101 jurisprudence.  That is because in the
20   Federal Circuit only an en banc decision may overrule prior precedent.  Fed. Cir. Internal
21   Operating Procedure #13(1) ("En banc consideration is required to overrule a prior
22   holding of this or a predecessor court expressed in an opinion having precedential
23   status").  The Ninth Circuit follows the same rule.  See Miller v. Gammie, 335 F.3d 889,
24   899-900 (9th Cir. 2003) (en banc) ("a three-judge panel may not overrule a prior decision
25   of the court" unless higher authority "undercut[s] the theory or reasoning underlying the

---

vel non beyond the scope of habeas corpus.").

[5] Plaintiff does not contend that its motion could succeed without it showing that Berkheimer-Aatrix changed the law.

prior circuit precedent in such a way that the cases are clearly irreconcilable.").[6]

Third, the Federal Circuit itself has stated that Berkheimer-Aatrix did not change the law or otherwise undermine prior Federal Circuit decisions. In fact, far from undermining or overruling any prior Federal Circuit decisions, the three-judge panel in Berkheimer emphasized that "[n]othing in this decision should be viewed as casting doubt on the propriety of those cases"—like EI—"resolved on motions to dismiss or summary judgment." Berkheimer, 881 F.3d at 1368. Similarly, the Federal Circuit's plurality opinion denying en banc review described Berkheimer and Aatrix as "stand[ing] for [an] unremarkable proposition" and reiterated Berkheimer's pronouncement that it should not "be viewed as casting doubt on the propriety" of the Federal Circuit's prior decisions. Berkheimer v. HP Inc., 890 F.3d 1369, 1370, 1373 (Fed. Cir. 2018) (collecting post-Berkheimer-Aatrix Federal Circuit decisions that concluded, on the pleadings or at summary judgment, that claims were not patent eligible). The court is not persuaded that it should ignore both Berkheimer's own conclusion—reached by two judges serving on the EI panel—and the Federal Circuit's en banc conclusion about Berkheimer-Aatrix's effect on prior Federal Circuit decisions and on the Federal Circuit's § 101 jurisprudence.

In light of the above, this court takes the Federal Circuit at its word and concludes, consistent with the Federal Circuit's internal operating procedure, that Berkheimer and Aatrix do not constitute an intervening change of law sufficient to support plaintiff's Rule 60(b)(6) motion. Accordingly, the court finds that plaintiff has failed to show "'extraordinary circumstances' justifying the reopening of a final judgment." See Gonzalez, 545 U.S. at 535.

/ / / /

/ / / /

/ / / /

---

[6] Plaintiff does not contend that the EI panel's decisions was contrary to the then-law of the circuit or that the panel incorrectly applied Federal Circuit precedent. Further, this court could not grant plaintiff relief under either of those theories.

5

**CONCLUSION**

In accordance with the foregoing, plaintiff's motion to vacate judgment pursuant to Rule 60(b)(6) is DENIED.

**IT IS SO ORDERED.**

Dated: April 11, 2019

PHYLLIS J. HAMILTON
United States District Judge